UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SACHA ROBOTTI, <br><br> Plaintiff, <br><br> v. <br><br> TSGCP, LLC, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Sacha Robotti, by and through his attorneys, Morton & Associates LLP, and as for his Complaint against Defendant TSGCP, LLC ("TSG" or "Defendant") alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is an action involving a claim of tortious interference with prospective economic advantage and claims arising under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1) and 15 U.S.C. § 8131(A)(1). Plaintiff is seeking transfer of the domain www.sacharobotti.com (the "Domain") and damages against Defendant who has registered the Domain in bad faith and without Plaintiff's consent and is presently causing the Domain to re-direct users to a website featuring pornographic material.

## PARTIES

2.      Sacha Robotti is an individual domiciled in Los Angeles, California.

3.      Upon information and belief, TSG is a limited liability company existing under the laws of the State of Utah, with a principal place of business at 523 Prospect Place, Apt. No. 413, Brooklyn, NY 11238.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's ACPA claims, arising under

15 U.S.C. § 1125(d) and 15 U.S.C. § 8131 pursuant to 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Plaintiff's tortious interference with

prospective economic advantage claim pursuant to 28 U.S.C. § 1367(a) because it arises

from the same common nucleus of operative facts as Plaintiff's ACPA claims.

6.      This Court has personal jurisdiction over Defendant pursuant to New York Civil

Practice Law and Rules ("CPLR") § 301 because TSG maintains its principal place of

business in Kings County.

7.      This Court has personal jurisdiction over Defendant pursuant to CPLR § 302(a)(1)

because Defendant transacts business within the State of New York.

8.      This Court has personal jurisdiction over Defendant pursuant to CPLR § 302(a)(2)

because Defendant has committed a tortious act within the State of New York.

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) because

Defendant resides in Kings County and pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to Plaintiff's claims occurred in Kings County.

## FACTUAL BACKGROUND

10.     Plaintiff is an up and coming musical artist and solo producer who has released and

produced solo and collaborated tracks, remixes and albums under the trade name SACHA

ROBOTTI across a multitude of genres ranging from electronic dance music to

underground house.

11.     Mr. Robotti has performed and released music under his trade name across the United

States since at least 2009, dazzling audiences at esteemed musical festivals such as the

Coachella Valley Music & Arts Festival, Electric Daisy Carnival Las Vegas and Burning

Man with his unique and eclectic melodies, all while amassing a loyal audience and fan base.

12.     On its website, www.thisistsg.com, TSG describes itself as a multifaceted talent agency specializing in "management, development and production in the global entertainment industry." Under the "Our Team" section of the website, Justin Lizama is prominently featured as a co-founder and managing partner of TSG.

13.     On or around November 26, 2014, Plaintiff and Defendant entered into a Management Agreement, by virtue of which TSG was to serve as Mr. Robotti's exclusive global agent and personal manager.

14.     However, almost a year prior to entering into the Management Agreement, on January 26, 2014, Defendant, without Plaintiff's knowledge or authorization, registered the Domain for approximately $11.99 with GoDaddy. Plaintiff's repeated requests to transfer the Domain, which encompasses Mr. Robotti's personal and trade name in its entirety, to his account were ignored.

15.     In the subsequent years, Defendant continued to act as Plaintiff's talent manager, collecting commissions on all gross revenue and publishing income earned by Mr. Robotti from his live performances and musical works.

16.     Thereafter, on or around November 2017, after a discord concerning their business relationship, Defendant notified Plaintiff via e-mail that it was "terminating our management contract as of Nov. 7, 2017." Defendant demanded commission in the amount of $3,826.67, allegedly exemplifying the approximate amount due pursuant to the "termination settlement terms" as outlined Management Agreement. In the same e-mail, Defendant informed Plaintiff that "as for the [Domain], we will hold that until the 3 year

sunset clause and above terms are met …" The November 7, 2017 e-mail is annexed hereto as **Exhibit A**.

17.     On November 8, 2017, Defendant, in another e-mail, notified Plaintiff that "the [Domain] is in TSG's name and will remain that way until all contractual terms are met." The November 8, 2017 e-mail is annexed hereto as **Exhibit B**.

18.     On November 15, 2017, Defendant revised its commissions demand to the new amount of $4,900.10, all while continuing to improperly withhold the Domain from Plaintiff, despite his repeated requests to transfer it into his custody and control.

19.     It is worth noting that the $4,900.10 commissions demand was not substantiated by objective documentary evidence. In fact, the number was admittedly based upon Defendant's "personal audit" of the account, which did not include any corresponding receipts, documentation or other evidence reflecting the accurate amounts owed, if any.

20.     Plaintiff vehemently disputes any alleged commissions or costs owed to Defendant. Mr. Robotti has fully discharged the financial obligations, if any, owed to Defendant as a consequence of the Parties' past commercial relationship. Despite this fact, to the present day, Defendant continues to exercise dominion and control over the Domain, improperly holding it in bad faith as collateral for a conjured-up debt to which it is not entitled to. An ICANN WHOIS search for the Domain reveals that the Registrant Name and Organization are listed as "Justin Lizama" and "TSG", respectively. A printout of the ICANN WHOIS search is annexed hereto as **Exhibit C**.

21.     Of more salience to the claims outlined herein, shortly after the Parties' dispute in early November 2017, on or around November 27, 2017, Defendant began to re-direct traffic the Domain to www.lemonparty.com, a website conspicuously featuring pornographic material.

22.    Consumers and fans searching for information about Plaintiff and his musical works, which likely include minors, are thus re-directed to a website containing obscene and lascivious videos and photographs.

23.    To this day, the Domain, which bears Mr. Robotti's name in its entirety, continues to re-direct users to a pornographic website, albeit a different one, www.camslive.co. Defendant's deliberate and willful conduct, which exceeds all boundaries of business ethics and decency, smears and tarnishes Plaintiff's personal name as well as his brand, goodwill and reputation as a musical artist.

### CLAIMS FOR RELIEF

### COUNT I – CYBERSQUATTING PURSUANT TO 15 U.S.C. § 1125(d)(1)

24.    Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

25.    Plaintiff's SACHA ROBOTTI trade name was distinctive, widely and continuously used in commerce and thus entitled to protection as a common law trademark at the time that Defendant registered and used the Domain without Plaintiff's consent or authorization.

26.    Defendant was aware of Plaintiff and his corresponding trademark rights at the time that the Domain was registered.

27.    The Domain is identical to Plaintiff's SACHA ROBOTTI trade name and common law trademark.

28.    Defendant registered and continues to use the Domain without Plaintiff's consent and with the specific bad-faith intent to profit from the Domain's registration, use and ownership, specifically by impermissibly and improperly holding it as a type of collateral

to gain leverage in a dispute with Plaintiff and to coerce him into "settling" a debt which he does not owe.

29.     Sacha Robotti is not TSG's legal name. Moreover, Sacha Robotti is not commonly associated with, nor used to identify, TSG.

30.     Defendant has no trademark or other intellectual property rights in the Domain.

31.     Defendant did not register and is not using the Domain in connection with the bona fide offering of any goods or services, nor for any other good faith purpose.

32.     Defendant's conduct is intended to, and actually does, divert Plaintiff's fans, consumers and prospective business partners to a website featuring pornographic material. Such willful and intentional bad faith conduct tarnishes and disparages Plaintiff's personal and trade name, by associating him and his brand with lewd and salacious pornographic content.

33.     Defendant's conduct, as described herein, is causing and will continue to cause immediate and irreparable harm to Plaintiff, his reputation in the community and his accumulated goodwill, until enjoined by this Court.

34.     Defendant's bad faith registration, use and trafficking of the Domain constitutes cybersquatting in violation of 15 U.S.C. § 1125(d)(1), entitling Plaintiff to relief.

35.     Plaintiff's remedy at law is not adequate to compensate him for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

36.     Pursuant to 15 U.S.C. § 1117, based upon Defendant's malicious, willful and deliberate conduct, Plaintiff is entitled to recover Defendant's profits, actual damages and the costs of this action, or at his election, statutory damages in an amount of $100,000.00.

37.     This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II – CYBERSQUATTING PURSUANT TO 15 U.S.C. § 8131(1)(A)**

38.     Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

39.     The Domain consists of the name of another living person, namely Sacha Robotti, who uses it as both his personal and trade name.

40.     Defendant registered and continues to use the Domain without Plaintiff's consent and with the specific bad-faith intent to profit from the registration and use of the Domain by selling it for financial gain to Plaintiff or a third-party. In essence, by impermissibly and improperly holding the Domain as leverage in a dispute to coerce Plaintiff into "settling" a debt which he does not owe, Defendant is attempting to profit from the sale of the Domain to Plaintiff for an amount far in excess of the approximate $11.99 cost of registration.

41.     Sacha Robotti is not TSG's legal name. Moreover, Sacha Robotti is not commonly associated with, nor used to identify, TSG.

42.     Defendant has no trademark or other intellectual property rights in the Domain.

43.     Defendant did not register and is not using the Domain in connection with the bona fide offering of any goods or services, nor for any other good faith purpose.

44.     Defendant's conduct is intended to, and actually does, divert Plaintiff's fans, consumers and both current and prospective business partners to a website featuring pornographic material. Such willful and intentional bad faith conduct tarnish and disparage Plaintiff's personal and trade name, by associating him with lewd and salacious pornographic content.

45.     Defendant's conduct, as described herein, is causing and will continue to cause immediate and irreparable harm to Plaintiff, his reputation in the community and his accumulated goodwill, until enjoined by this Court.

46.     Defendant's registration, use or trafficking of the Domain constitutes cybersquatting in violation of 15 U.S.C. § 8131, entitling Plaintiff to relief.

47.     Pursuant to 15 U.S.C. § 8131(2) Plaintiff is entitled to injunctive relief, costs and attorneys' fees.

<u>COUNT III – TORTIOUS INTERFERENCE WITH<br>PROSPECTIVE ECONOMIC ADVANTAGE</u>

48.     Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

49.     In offering services under the SACHA ROBOTTI trade name, Plaintiff has had and continues to have business relations with various United States record labels, talent agencies, promoters, performance venues and other individuals and entities in the music industry. The transient nature of Plaintiff's work, especially live performances, requires maintaining existing business relations and continuously forging new ones to secure performance rights in the future.

50.     Defendant has been and continues to be aware of Plaintiff's past and prospective business relations with the aforementioned individuals and entities.

51.     Defendant has knowingly, intentionally and maliciously interfered with Plaintiff's existing and future business relations for the sole or partial purpose of inflicting harm upon Plaintiff by dishonest, unfair and improper means. Rather than finding and exploring his music, upon visiting Plaintiff's website, current and prospective business partners are instead re-directed to a website containing pornographic content.

52.    Defendant's conduct has caused Plaintiff's relations with prospective business partners to be damaged.

53.    As a direct and proximate result of the foregoing, Defendant is liable to Plaintiff for tortious interference with prospective economic advantage under New York common law.

54.    Defendant's acts of tortious interference with prospective economic advantage entitle Plaintiff to injunctive relief and damages pursuant to New York common law.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff demands judgment against Defendant as follows:

A. That Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from re-directing the Domain to any third-party website and/or otherwise using the Domain.

B. That Defendant be ordered to transfer the Domain to Plaintiff pursuant to 15 U.S.C. § 8131(2);

C. That Defendant be ordered to compensate Plaintiff in the amount of $100,000.00, representing statutory damages pursuant to 15 U.S.C. § 1117(d);

D. A Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a) and awarding Plaintiff his reasonable costs and attorneys' fees based thereon;

E. That Defendant be ordered to compensate Plaintiff for his reasonable costs, expenses and attorneys' fees incurred in the prosecution of this action pursuant to 15 U.S.C. § 8131(2);

F.   That Defendant be ordered to compensate Plaintiff, in an amount to be determined at

   trial, for its knowing, intentional and malicious tortious interference with prospective

   economic advantage;

G.   That Plaintiff be awarded pre-judgment and post-judgment interest to the maximum

   extent permitted by law; and

H.   That Plaintiff be awarded such other and further relief, in law or equity, that this

   Court deems just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury as to all

issues.

Dated:  New York, New York
    June 4, 2018


                    **Morton & Associates LLP**


          By:_____
          Roman A. Popov, Esq. (RP7625)
          *Attorney for Plaintiff*
          246 West Broadway
          New York, NY 10013
          Tel: (212) 468-5511
          Fax: (212) 508-0888
          rp@moas.com

# EXHIBIT A

 Gmail

**sacha robotti <sacharobotti@gmail.com>**

---

## Re: Sacha Robotti Creative Brief

**Justin Lizama** <justin@thisistsg.com>                    Tue, Nov 7, 2017 at 12:41 PM
To: sacha robotti <sacharobotti@gmail.com>
Cc: Keef Knows <keith@thisistsg.com>, Jannik Roth <jannik@thisistsg.com>, Kevin Rodriguez <kevin@thisistsg.com>

Sacha,

As per agreement with all partners associated management & financial we are terminating our management contract as of Nov 7, 2017.

approximate commission due through Oct 31: $3826.67 (this is approximate and will audit Circle, and other forms of income for accuracy)

termination settlement terms includes, (sorted with Circle, we'll collect and pay you out as this has been the precedent):

20% year 1 from termination
13% year 2 from termination
7%   year 3 from termination

8 songs due (as selected by us), please send demo list to all 4 of us.

we will start directing creditors directly to you.

as for the website, we will hold that until the 3 year sunset clause and above terms are met, but please send any programming info over and we will make sure the website is active and functional.

this is an action with which we fought to take but using a creative brief as some sort of leverage is absurd and a is a foreshadow of the future.  We will be in touch regarding all further matters and terms.  You missed the point of Jannik's (for the future) & Keith's (we are the oldest creditors i.e. commissions) emails.


best of luck for the future.


[Quoted text hidden]
--



**JUSTIN LIZAMA**
Managing Partner
justin@thisistsg.com
+1.646.246.8664

thisisTSG    thisis_TSG

# EXHIBIT B

 Gmail

sacha robotti <sacharobotti@gmail.com>

## Re: Sacha Robotti Creative Brief

**Justin Lizama** <justin@thisistsg.com>                                 Wed, Nov 8, 2017 at 11:28 AM
To: Jannik Roth <jannik@thisistsg.com>, Keith Cecere <keith@thisistsg.com>, Kevin Rodriguez <kevin@thisistsg.com>,
sacha robotti <sacharobotti@gmail.com>

Accounting to follow shortly and we'll forward over all bills and let all parties know.

We've already checked with our lawyer, all is appropriate.  Circle will send settlements to both of us and we'll account over the next 3 years.

Rent is due for nov & dec.

The domain is in TSGs name and will remain that way until all contractual terms are met. It is definitely not a problem. We can host the site with no issue.

[Quoted text hidden]





EXHIBIT C

简体中文    English    Français    Русский    Español    العربية    Portuguese

# ICANN WHOIS

ABOUT WHOIS     POLICIES     GET INVOLVED     WHOIS COMPLAINTS     KNOWLEDGE CENTER

| www.sacharobotti.com | Lookup |
|---|---|

## *Showing results for: SACHAROBOTTI.COM*

Original Query: www.sacharobotti.com

# Contact Information

### Registrant Contact
Name: Justin Lizama
Organization: TSG
Mailing Address: ,
Phone:
Ext:
Fax:
Fax Ext:
Email:

### Admin Contact
Name:
Organization:
Mailing Address: ,
Phone:
Ext:
Fax:
Fax Ext:
Email:

### Tech Contact
Name:
Organization:
Mailing Address: ,
Phone:
Ext:
Fax:
Fax Ext:
Email:

### Registrar
WHOIS Server:
URL: http://www.godaddy.com

### Status

**Submit a Complaint for WHOIS**
[WHOIS Inaccuracy Complaint Form](#)
[WHOIS Service Complaint Form](#)

[WHOIS Compliance FAQs](#)

Registrar:
IANA ID:
Abuse Contact Email:
Abuse Contact Phone:

## Important Dates

Updated Date:
Created Date:

## Name Servers

NS15.DOMAINCONTROL.COM
NS16.DOMAINCONTROL.COM

## Raw WHOIS Record

```
Domain Name: SACHAROBOTTI.COM
Registrar URL: http://www.godaddy.com
Registrant Name: Justin Lizama
Registrant Organization: TSG
Name Server: NS15.DOMAINCONTROL.COM
Name Server: NS16.DOMAINCONTROL.COM
DNSSEC: unsigned

For complete domain details go to:
http://who.godaddy.com/whoischeck.aspx?
domain=SACHAROBOTTI.COM

The data contained in GoDaddy.com, LLC's WhoIs
database,
while believed by the company to be reliable, is
provided "as is"
with no guarantee or warranties regarding its
accuracy.  This
information is provided for the sole purpose of
assisting you
in obtaining information about domain name
registration records.
Any use of this data for any other purpose is
expressly forbidden without the prior written
permission of GoDaddy.com, LLC.  By submitting an
inquiry,
you agree to these terms of usage and limitations of
```